## MARY J. ARNOLD *vs.* MARGARET M. BARRINGTON.

### JUNE 20, 1922.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

(1) *Hearsay Evidence. Secondary Evidence.*

Where the records of the State Board of Public Roads relative to registration of automobiles had been destroyed, it was error to permit witness to testify that he found out by conversation with a clerk of the Board that an automobile was registered in the name of deceased and that the license expired at a certain time.

(2) *Gifts. Bills of Sale.*

Where a chattel was purchased in the first instance by a husband as a gift for his wife, no bill of sale or special act of delivery was necessary to give title to the donee.

TROVER AND CONVERSION. Heard on exceptions of defendant and sustained.

VINCENT, J. This is an action of trover and conversion brought by Mary J. Arnold, a person interested in the estate of Edmund H. Matteson, late of Warren, deceased, against

Margaret M. Barrington alleging the conversion by the defendant of a Franklin automobile.

The plaintiff is a sister of Edmund H. Matteson and the defendant was his widow. The latter has remarried and is now Margaret Matteson Barrington.

Edmund H. Matteson died May 28, 1917, leaving a will in which the Industrial Trust Company was named as executor and said company later accepted the trust.

Mr. Edwin A. Cady, the manager of the Warren Branch of the Industrial Trust Company, made an investigation as to the ownership of the automobile when an inventory of the estate of the deceased was being prepared and, as a result thereof, the trust company decided that it would not be justified in claiming it as a part of the decedent's estate.

The plaintiff, proceeding in accordance with the provisions of Chapter 707 of the Public Laws of 1911, requested the executor in writing to commence an action to recover the automobile. The executor refused to do so, assigning as its reason, "that the evidence of ownership, in the possession of the executor, is not sufficient to warrant the belief that the action would be successful, or that the expense thereof would be a judicious expenditure of the funds of the estate." Thereafterwards the plaintiff, acting under the authority conferred by the statute, brought the present action. It was brought originally in the name of Mary J. Arnold but the writ was subsequently amended, on motion, so as to comply with the terms of the statute requiring the suit to be brought in the name of the estate.

The defendant sold the automobile about four months after the death of her husband.

The only question for consideration is whether the automobile belonged to the defendant or was the property of her husband at the time of his death.

The case was tried in the Superior Court before a justice thereof sitting with a jury and a verdict was rendered for the plaintiff for $1120.

The case is now before us upon the defendant's exceptions.

These exceptions raise two questions: (1) Did the trial court err in refusing to strike out the testimony of William E. Reddy, a witness called on behalf of the plaintiff; and (2) did the trial court err in, denying the motion of the defendant for a new trial?

The plaintiff, in order to show that Edmund H. Matteson and not his wife owned the car, called as a witness the deputy chief clerk of the State Board of Public Roads who testified that the records of that board, so far as they relate to the registration of automobiles for the years 1915 and 1916 had been destroyed in accordance with law. He further testified that in order to register an automobile in 1915 and 1916 the applicant had to make oath to the fact recited in the application blank and that the printed application blanks furnished by the board during those years contained the words, "I, the undersigned, the owner of the motor vehicle herein described, hereby apply to the State Board of Public Roads for the registration of said machine."

Following this, William E. Reddy, an attorney at law, was called and testified that he went to the automobile department of the State Board of Public Roads on November 15, 1917, and there found out "that a Franklin machine, 1914, Rhode Island number 6298, was registered in the name of Edmund H. Matteson of Warren, R. I., manufacturer's number was 21562, and the license expired September, 1917," and that he found no change from the name of Edmund H. Matteson.

It was developed however on cross-examination that Mr. Reddy's only source of information was a conversation with some clerk in the office of the State Board of Public Roads. The trial court permitted this testimony to stand as a part of the record, saying, "It is hearsay testimony but it is the the best they had, and I will allow it."

We think that this testimony should have been stricken out. The witness was simply repeating something which he says was told him by a clerk in the office of the State Board of Public Roads. He does not pretend that he

obtained the information from any personal examination of records or otherwise than as before stated. There is substantial authority to the effect that hearsay is not admissible as secondary evidence. 22 C. J. 1070.

As the defendant argues, this testimony taken in connection with that of the deputy clerk of the board would be likely to lead the jury to believe that Edmund H. Matteson had made oath that he owned the car.

The plaintiff introduced testimony to show that the automobile was paid for by the husband, Edmund H. Matteson; that it was registered in his name; that he paid the taxes upon it; that he sometimes spoke of it as his car; that he paid for repairs and other expenses; that he drove the car; that no bill of sale was given by the husband to the wife; and that the car was kept in a garage belonging to the husband. These facts are admitted by the defendant with the exception of the statement of Luella Matteson wife of a brother of Edmund H. Matteson, that the latter *always* spoke of the car as his.

There is substantial testimony that Edmund H. Matteson on many occasions, and to several people, referred to the car as belonging to his wife and that it was purchased by him, in the first instance, as a present to her. If that were so no bill of sale or special act of delivery was necessary to give title to the defendant.

The testimony as to the defendant's ownership of the car is somewhat strengthened by the undisputed fact that a "Rambler" car belonging to the defendant was turned in in part payment for the new car, the husband paying the balance in cash.

It is by no means uncommon for a husband in speaking of a house, an automobile, and many other things, to call them his although the legal title may be in his wife. The expenditures of the husband for repairs and taxes, his driving the car and keeping it in his garage, do not impress us as being anything more than what a husband, living in amicable relations with his wife, would naturally do. Such

acts are not in our opinion conclusive in determining the matter of ownership in the present case.

The trial justice in his rescript denying the defendant's motion for a new trial cites from 20 Cyc. 1195, as follows: "A mere promise or declaration of an intention to give, however clear and positive, is not enough to constitute a valid gift *inter vivos.* The intention must be consummated and carried into effect by those acts which the law requires to divest the donor and invest the donee with the right of property. Complete and unconditional delivery is essential to the perfecting of such a gift, for where the donor retains dominion over the property or where a *locus penitentiæ* remains to him there can be no legal and perfect donation."

There can be no question that the law relating to gifts *inter vivos* is correctly stated. The error of the trial court is in its application to the case at bar. The trial justice seems to have proceeded upon the theory that Edmund H. Matteson originally owned the car and therefore, there being no sufficient evidence of a subsequent transfer or delivery to the defendant, it remained a part of his estate. There is testimony tending to show that Mr. Matteson never owned the car and that he paid for it not for himself but as a present for his wife. If the title was in her from the beginning, any transfer or act constituting a special delivery to her would have been superfluous.

We think that justice requires that the case should be submitted to another jury under proper instructions in accordance with this opinion.

The exceptions of the defendant are sustained. The case is remitted to the Superior Court with direction to give the defendant a new trial.

*William H. McSoley,* for plaintiff.

*James Harris, John C. Knowles,* for defendant.